IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Fresenius Medical Care
Holdings, Inc.,                        :

      Plaintiff,                     :

  v.                                   :      Case No. 2:05-cv-0889

Roxane Laboratories, Inc.,             :      JUDGE SARGUS

      Defendant.                     :

<u>ORDER</u>

    On January 4, 2007, the parties filed several discovery-related motions.  This order addresses and resolves the joint motion filed by Fresenius Medical Care Holdings and Nabi Biopharmaceuticals to compel defendant Roxane Laboratories to provide proper responses to interrogatories 20, 21, and 22 (#82).

    It is unnecessary to set forth in detail in this discovery order the particulars of the parties' dispute.  It suffices to say that the matters at issue include whether Roxane's proposed calcium acetate product infringes either of two patents held by the plaintiffs (the '665 patent and the '445 patent) and whether the plaintiffs knew, as Roxane asserts, that their patent infringement claims were baseless.  They also dispute whether Nabi or its predecessors in interest were guilty of inequitable conduct before the patent office.  Finally, because Roxane asserts that its product will be ready to market upon the expiration of a different patent (the '105 patent) in April, 2007, Nabi has attempted to determine whether factors other than this litigation - for example, the failure of the FDA to grant approval to Roxane to market its product - might also prevent Roxane from going to market.  These various issues are the focus

of the three interrogatories which were propounded by Nabi to Roxane and which form the subject matter of this motion.

The three interrogatories read as follows:

Interrogatory #20: Please describe in full detail the basis for your allegations set forth in Roxane's counterclaim for Attempted Monopolization.

Interrogatory #21: Please describe in full detail the basis for your allegations set forth in Roxane's counterclaim for Inequitable Conduct.

Interrogatory #22: Please describe whether there are any factors other than this lawsuit that are currently preventing or will potentially prevent Roxane from marketing its calcium acetate product upon expiration of U.S. Patent No. 4,870,105.

Roxane responded to the first two interrogatories simply by referring to specific paragraphs of its counterclaim. It responded to the third interrogatory by stating that, if this lawsuit had not been filed, it "expects" to be able to launch its product as soon as patent number 4,870,105 expires. Nabi asserts that each of these responses is insufficient and asks the Court to order Roxane to provide more complete responses.

Because plaintiffs identified the same flaws with Roxane's responses to interrogatories 20 and 21, they will be discussed together. Plaintiffs assert that it is improper to refer to a pleading or other document when answering an interrogatory, and that even though the pleadings in question do contain responsive information, Roxane should be compelled to provide that information in the form of a sworn interrogatory answer. Plaintiffs also assert that the pleadings themselves contain mere assertions rather than facts, and that the interrogatories call for the disclosure of additional information beyond what Roxane has alleged. Consequently, it appears the plaintiffs want an answer which is both self-contained and provides additional detail concerning Roxane's monopolization counterclaim and its

inequitable conduct assertion.

In response, Roxane asserts that it pleaded its inequitable conduct claim and its attempted monopolization claim in specific detail.  Consequently, it argues that it has provided enough information to the plaintiffs to permit them to understand the bases of both of its contentions and that further detail is not needed.  Further, Roxane asserts that, to the extent that these are contention interrogatories, they are overbroad, calling for the production of privileged or other protected information, they request more detail than is permitted by an interrogatory, and they are premature because the information which would be more completely responsive to these interrogatories will be disclosed through expert reports which are not yet due.  They contend that the plaintiffs' motion is nothing more than an effort to elevate form over substance and that no useful purpose would be served by compelling further responses.

It is true, as plaintiffs point out, that the case law generally disfavors a party's attempt to answer interrogatories by referring to other documents.  Some cases have stated this rule in absolute terms.  See, e.g., Mahoney v. Kempton, 142 F.R.D. 32 (D. Mass. 1992).  Other cases, however, including cases cited by plaintiffs, such as Scaife v. Boenne, 191 F.R.D. 590 (N.D. Ind. 2000), apply a somewhat more relaxed standard, which permits an interrogatory response to incorporate other documents or statements in pleadings so long as it is apparent from the incorporation of those documents or pleadings what answer is being provided.  See, e.g., Martin v. Eastern Pub. Co., 85 F.R.D. 312 (E.D. Pa. 1980), noting that answering an interrogatory simply by reference to a massive number of documents or deposition pages is improper, and holding that interrogatory answers which do refer to other documents must show specifically and precisely where, within those documents, the responsive

3

information can be found.  The <u>Martin</u> court also noted that, because a party is bound by smart interrogatory answers, the answers, in whatever form they take, must constitute the answers of that party and may not be simply testimony given by an unrelated witness whose response the answering party may or may not stand behind.

   On this somewhat formalistic point, the Court concludes that plaintiffs have the better of the argument.  Although the document referred to by Roxane in its answers is its own pleading, it is not entirely clear that Roxane is swearing to the accuracy of the allegations in its pleading simply by referring to them within its interrogatory answer.  There is a value in having an interrogatory answer be clear and precise so that it can be used either as the basis for further discovery, as the basis for a request for a stipulation, or even for impeachment at trial.  Consequently, Roxane will be required to provide its responses in a form which does not simply refer to its pleadings but which is a more direct response to the interrogatories propounded.

   The other and more substantive question before the Court is whether, if Roxane's new response merely reiterates these allegations in the pleadings, it is sufficiently detailed to satisfy Roxane's obligation to make full and complete responses to interrogatories.  On this issue, Roxane has the better of the argument.  It did plead its claims in detail and set forth not just allegations but specific facts upon which those allegations rest.  Once it makes its responses in the form of interrogatory answers, it will have less leeway to vary those responses later in the litigation by adding additional factual assertions not revealed though its interrogatory answers.  At this point in the litigation, the Court concludes that, if Roxane were to answer the interrogatories both by stating in sworn fashion the same

facts alleged in its pleadings and adding any additional facts which it has learned through discovery and which are responsive to the interrogatories, it will have satisfied its obligation to make a complete response.  Additional detail will come of course, provided through other discovery.  It is clear to the Court at this point, however, that plaintiffs are aware that the basis of the attempted monopolization claim is Roxane's contention that Nabi tested its calcium acetate material, concluded as a result of that testing that Roxane's proposed product did not infringe any of Nabi's patents other than the '105 patent, but nonetheless filed this suit and an amended complaint to add a claim based on the '445 patent, all in an effort to prevent Roxane from marketing a product which is known to Nabi not to infringe its patents.  Whether that contention turns out to be true is beside the point; the plaintiffs are certainly aware of this contention and will, through upcoming discovery (if they have not learned already) be able to explore in detail the reasons why Roxane believes its product does not infringe.  Similarly, Roxane will, by incorporating the information in its pleadings and any other information which it has learned to date, limit its ability to expand its inequitable conduct claim beyond those specific instances already described to Nabi.  For those reasons, although further answers will be compelled, the Court does not believe that much additional detail will be needed unless Roxane has learned additional information after the time that it crafted its pleadings which is also responsive to these interrogatories.

     The other issue raised by plaintiffs' motion is the sufficiency of the answer given to interrogatory #22.  Plaintiffs argue that the interrogatory asked whether there were other obstacles known to Roxane which would prevent it from going to market with its product in April, 2007, besides this litigation.  Plaintiffs assert that the answer given does not identify

potential obstacles to marketing but rather reflects only Roxane's "expectation" that it will be able to market its product. In particular, plaintiffs point out that FDA approval is necessary in order for such marketing to occur and that Roxane did not indicate whether it had received such approval. In response, Roxane notes that, had plaintiffs wished to inquire about the status of FDA approval, they should have asked that question rather than the one which was propounded.

The Court views this dispute as little more than a linguistic battle. The interrogatory posed could be construed in at least two different ways, asking either whether there are currently obstacles to marketing which may or may not be resolved by April, 2007, or whether Roxane is aware of any such obstacles which it believes will still exist in April of 2007. Roxane chose the latter interpretation and has asserted that it does not expect any obstacles to be present on that date. If the real issue here relates solely to FDA approval, in most cases an informal inquiry about that matter would be sufficient to obtain the information. If that is not possible here, there is no reason why plaintiffs cannot craft a more direct interrogatory asking for the information. If time is of the essence with respect to that information, they can also ask the Court to expedite the time for answering. However, the Court hopes that such a procedure is unnecessary and that the parties will be able to exchange information informally on the question of whether FDA approval has been granted, or where that process stands at the moment.

Based upon the foregoing, plaintiffs' motion to compel Roxane to provide proper responses to interrogatories 20, 21, and 22 (#82) is granted in part and denied in part as described in the body of this order. Those additional answers which are compelled shall be provided within fifteen days.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge