```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

Fresenius Medical Care
Holdings, Inc.,                 :

    Plaintiff,              :

  v.                              :   Case No. 2:05-cv-0889

Roxane Laboratories, Inc.,      :   JUDGE SARGUS

    Defendant.              :

<u>ORDER</u>

On February 9, 2007, plaintiff Fresenius Medical Care Holdings, Inc., and counterclaim defendant Nabi Biopharmaceuticals filed a joint motion to compel defendant Roxane Laboratories to produce Julie Economou, a witness, for a second deposition, and for other relief.  Responsive and reply memoranda have been filed.  For the following reasons, the motion will be granted.

I.

The facts relating to the motion appear to be undisputed.  The primary issue raised by the complaint is whether a calcium acetate product Roxane intends to produce and market infringes patents for a similar product which are now owned by Fresenius.  At some point, Roxane manufactured its version of the product and applied to the FDA for approval to market it.  Julie Economou was one of the people involved in the production of the product, and was named in an "invention disclosure" which was produced in this litigation as the "[w]itness having knowledge of first reduction to practice."  That same document named Shehla Uraizee as the inventor of the product.

Ms. Economou was deposed on November 2, 2006.  At her

deposition, plaintiff learned, for the first time, that Roxane had made a provisional patent application for its product in December, 2005.  Roxane subsequently produced the provisional patent application.  That document had previously been requested in discovery, and Roxane has provided no explanation for why it was not timely produced.

After the production of the provisional patent application, which describes in significant detail the invention claimed by Roxane and the process through which its product is manufactured, plaintiff requested an opportunity to reconvene Ms. Economou's deposition for purposes of asking her questions about the provisional patent application.  The parties were unable to reach an agreement on this issue and motions practice ensued.  Roxane's position, set forth at length in its opposing memorandum, is that although it did not produce the provisional patent application in response to discovery specifically calling for the production of that document, and it has not offered any justification for that failure, plaintiff does not need to ask Ms. Economou any additional questions because all of the information contained in the provisional patent application was contained in other documents and plaintiff questioned her extensively about those documents.  It is with these facts in mind that the present motion will be decided.

II.

Although depositions are ordinarily noticed and taken without the involvement of the Court, Fed.R.Civ.P. 30(a) sets forth several circumstances under which leave of court is required in order to take a deposition.  One of those circumstances, set forth in Rule 30(a)(2)(B), is when "the person to be examined already has been deposed in the case...."  Although the Rule requires a party to seek leave of court under those circumstances, it also provides that such leave "shall be

granted to the extent consistent with the principles stated in Rule 26(b)(2)...."

This discovery rule, like other discovery rules requiring the parties to apply for leave of court, provides the Court with considerable discretion to make a determination which is fair and equitable under all the relevant circumstances. See generally Innomed Labs v. Alza Corp., 211 F.R.D. 237, 239 (S.D.N.Y. 2002). Of course, that discretion is not unfettered. The principles guiding the Court's discretion are those set forth in Rule 26(b)(2), which include whether the second deposition of the witness would be unnecessarily cumulative, whether the party requesting the deposition has had other opportunities to obtain the same information, and whether the burden of a second deposition outweighs its potential benefit. See Collins v. International Dairy Queen, 189 F.R.D. 496 (M.D. Ga. 1999); Hurley v. JARC Builders, 164 F.R.D. 39 (E.D. Pa. 1995).

The courts have dealt with a number of repetitive scenarios in applying these principles. Typically, if, after a witness is deposed, new information comes to light relating to the subject of that deposition, new parties are added to the case, new allegations are made in pleadings, or new documents are produced, the witness may be re-deposed with respect to these new developments. See Keck v. Union Bank of Switzerland, 1997 WL 411931 (S.D.N.Y. July 22, 1997). A re-deposition may also be ordered if the examining party was inhibited from conducting a full examination as a result of obstructive conduct at the first deposition. Id. However, the Court may deny leave to conduct a second deposition of the witness even if relevant documents are produced subsequent to the deposition if the party taking the deposition either failed to request those documents in a timely fashion or chose to conduct the deposition prior to the completion of document discovery. See Lowery v. Noble Drilling

3

Corp., 1997 WL 675328 (E.D. La. October 29, 1997).

 Here, it is clear that plaintiff did everything in its power to obtain the provisional patent application prior to deposing Ms. Economou.  It served document requests which specifically called for the production of such a document well in advance of the deposition, and the document in question was not produced, not identified, and not withheld on privilege grounds or under circumstances which suggested that it existed but was intentionally not being produced.  There is no evidence of any other discovery conducted by the plaintiff that should have alerted it to the existence of this document.  To date, Roxane has offered no justification for failing to provide the document, and it apparently does not dispute that plaintiff learned about the document for the first time at Ms. Economou's deposition. Thus, to the extent that equitable factors are important to the Court's decision, it finds that plaintiff is not at fault in creating this situation and that any fault lies with Roxane.

 Turning to the Rule 26(b)(2) factors, Roxane argues that because Ms. Economou was deposed about the subject of the patent application and other documents describing the formulation and manufacturing process were provided, an additional deposition would be unnecessarily cumulative.  Additionally, Dr. Uraizee has also been deposed, so that plaintiff may have had the opportunity to get this information from another witness.  Although these arguments have a superficial level of plausibility, the Court does not find them persuasive.

 In a case which involves competing products and claims of patent infringement, a provisional patent application filed by the alleged infringer is obviously a crucial piece of evidence. Ms. Economou has been identified as the first person to have reduced the invention to practice.  Any competent lawyer who was aware of the existence of the provisional patent application

would have insisted upon its production prior to taking Ms. Economou's deposition.  Even if other details about the formulation of the product in the manufacturing process were known, there is independent significance to the fact that a patent application had been made.  The application describes the novelty of the invention and the way in which it is manufactured in specific terms, and many, if not all, of those terms are intended to differentiate the alleged infringing product from the plaintiff's product.  Such a document undoubetdly would have suggested a line of questioning or the formulation of questions in a way that would be different than those posed or formulated based upon other documents.

Further, it is inconceivable that either the <u>Markman</u> hearing or trial will not involve questioning about the provisional patent application.  Plaintiff should not be placed in the position of having to guess at Ms. Economou's testimony concerning that document based upon testimony which she gave in response to questions relating to other but similar documents.  In short, plaintiff has neither had the opportunity to determine the nature and extent of Ms. Economou's testimony with respect to this important document, nor would her testimony about the document be unreasonably cumulative.  Certainly, if the Court had been presented with the same question prior to the deposition by way of a request either to limit questioning about this document or to preclude such questioning on grounds that it would be cumulative or that plaintiff would have the opportunity to obtain the same information from others, the Court would have summarily denied that request.  There is no reason to disadvantage the plaintiff in this regard simply because Roxane, for unknown reasons, failed to produce the document during discovery.

Additionally, the burden allegedly imposed upon Roxane by having Ms. Economou re-deposed with respect to this document is

slight.  It would appear to involve no more than a short deposition of a witness already deposed which, in the context of this case, is a negligible additional expense to both sides.  In fact, it is likely that Roxane expended significantly more resources opposing the motion than it would have expended simply by agreeing to the deposition.  Consequently, a review of the Rule 26(b)(2) factors counsels strongly in favor of granting the motion.

     The Court adds an additional comment.  There is little motions practice in this district over any issues presented by Rule 30(a), whether those issues relate to taking more than ten depositions, taking the second deposition of the same witness, or exceeding the 7-hour limit on a deposition set forth in Rule 30(d).  That is because most counsel understand that the Court attempts to interpret these rules in light of reason and practical experience and that the Court will enforce the rules stictly when necessary and relax them when required.  The circumstances presented here would, in almost every other case pending in this District, have led to a consensual resolution of the issue because the party at fault in failing to produce an important document would understand that it would be unfair to preclude the opposing party from examining an important witness about the document and that the Court would consider the non-production of the document to be the type of circumstance which would justify a short additional deposition.  The fact that the parties in this case were unable to reach such a resolution is, taken together with the extensive amount of motions practice devoted to discovery, a strong indicator that they have lost sight of the goal of resolving discovery disputes reasonably and without intervention of the Court and have chosen instead to litigate every issue, no matter how minor, with a view toward increasing the cost and expense of litigation rather than

streamlining its resolution.  Although the Court will not impose sanctions with respect to this motion, it places the parties on notice that it will not hesitate to do so in the future if it is again presented with a matter which reasonable counsel would be expected to resolve without the need for court intervention.

III.

Based upon the foregoing, plaintiff's and counterclaim defendant's motion to compel (#108) is granted.  The parties shall make arrangements for the re-deposition of witness Julie Economou within three weeks of the date of this order.  Plaintiff may supplement its expert reports, if needed, with any information gleaned from this additional deposition.  Further, as requested by plaintiff, Roxane shall produce to plaintiff any ongoing communications with the patent and trademark office concerning its patent application, although it may do so within two weeks, rather than in one week, of any such communication.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge