# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| FRESENIUS MEDICAL CARE HOLDINGS, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | No. C2 05 889 |
| v. | ) ) ) | Judge Sargus<br>Magistrate Judge Kemp |
| ROXANE LABORATORIES, INC., | ) ) ) | |
| Defendant, | ) ) | |
| v. | ) ) ) | |
| NABI BIOPHARMACEUTICALS, | ) ) ) | |
| Counterclaim Defendant. | ) ) | |

## NABI BIOPHARMACEUTICALS'S MEMORANDUM IN OPPOSITION TO ROXANE'S MOTION TO COMPEL NABI BIOPHARMACEUTICALS TO DESIGNATE AND PRODUCE A 30(B)(6) WITNESS

**I.    INTRODUCTION**

The Court should deny the Motion of Roxane Laboratories, Inc. ("Roxane") to compel a 30(b)(6) Deposition of Nabi Biopharmaceuticals ("Nabi") both because Roxane filed the Notice late in discovery and because that Notice would require repeat depositions of Nabi personnel who have already testified at length on the topics identified in the Notice.  The Notice, therefore, amounts to harassment of Nabi personnel.  Furthermore, scheduling these depositions likely would require modification of the Court's scheduling order.  Accordingly, the Court should deny Roxane's Motion to compel.

Roxane served the Notice on December 29, 2006 – after Roxane had already deposed many Nabi witnesses with knowledge of the noticed topics. The Notice specifies 32 topics, covering manufacturing, patents, sales and marketing, regulatory and clinical issues. To address these topics adequately, Nabi will have to designate multiple witnesses, many of whom have already been deposed in this case. If Roxane had served the Notice early in discovery, the parties could have cooperated to minimize distractions to and burdens upon the witnesses, and to streamline the discovery process by scheduling the personal and 30(b)(6) depositions on consecutive days (just as Nabi did to accommodate a Roxane witness). Roxane, however, has offered no excuse for its delay in serving the Notice. As such, Roxane's timing is unreasonable.

In addition, four of the key Nabi witnesses already deposed were officers of the company at the time of their first deposition. Accordingly, Roxane may use their testimony "for any purpose," even though the witnesses testified in their personal capacity. *See* Fed. R. Civ. P. 32(a)(2). Because these four Nabi witnesses already testified regarding many of the topics Roxane now seeks in the Notice, there is no legitimate reason why Roxane needs duplicative 30(b)(6) testimony on those same topics. Because Roxane has already obtained deposition testimony on these topics, the Notice appears to be nothing more than an effort to harass Nabi and its witnesses.

## II. ARGUMENT

### A. Roxane's 30(b)(6) Notice Requires Nabi to Re-Produce its Witnesses for Additional Deposition, which is Inefficient and Constitutes Harassment.

Before Roxane served the Notice, it had already deposed six Nabi employees, including four corporate officers. By December 12, 2006, Roxane had already completed these depositions. Two weeks later on December 29, 2006, Roxane issued the Notice, which contains 32 topics covering a wide range of issues. In its Motion, Roxane seeks to compel Nabi to produce

a witness as to eighteen of the topics.[1]  These eighteen topics cover a wide range of issues, including manufacturing, patent applications, sales and marketing, regulatory and clinical issues, many of which Roxane has already covered or had the opportunity to cover in the prior personal depositions of Nabi's employees.

Contrary to Roxane's allegation, Nabi does not take the position that "Roxane is entitled to a personal deposition or a Rule 30(b)(6) deposition as to certain issues – but not both." (Motion at 6.)  The problem with the Notice is that Roxane served it after personal depositions were complete, thereby extending and complicating the discovery process.  Rule 30(b)(6) is a discovery tool that is intended to streamline, not extend, the discovery process.  *See Hooker v. Norfolk S. Ry. Co.*, 204 F.R.D. 124, 126 (S.D. Ind. 2001); *SmithKline Beecham Corp. v. Apotex Corp.*, No. 98 C 3952, 2000 U.S. Dist. LEXIS 667, at *24 (N.D. Ill. Jan. 21, 2000); *Terry v. Zernicke*, No. 94 C 4052, 1995 U.S. Dist. LEXIS 19426, at *7 (N.D. Ill. Dec. 29, 1995).

By failing to serve the Notice in a timely fashion, Roxane is attempting to extend the discovery process in an inefficient manner by requiring multiple depositions of Nabi witnesses several months apart.  When Roxane selected Nabi employees to depose, it knew that those employees would likely be the same witnesses Nabi would designate under a 30(b)(6) notice covering the issues related to this case.  In fact, Roxane chose to question those witnesses regarding precisely the same topics specified in the notice.  Specifically, Roxane noticed and took the deposition of four Nabi officers well prior to serving the Notice.  The depositions of these officers included testimony on at least the following subjects:

---

[1] Specifically, Roxane seeks to compel depositions regarding Topic Nos. 2, 11-13, 15-17, 20-26, 28-29 and 31-32.  Nabi has already produced one witness, Gary Siskowski, as to four topics in the Notice that are not the subject of this Motion, and Roxane has agreed to defer the remaining topics until a separate motion is resolved.  (Motion at 2.)

3

- Raafat Fahim (10/18/2006) – Vice President of Research, Technical and Production Operations. (Fahim Dep. at 12:4-8 (attached as Ex. 1).)[2] At his deposition, Dr. Fahim testified regarding Nabi's reasons for withdrawing the PhosLo® tablet (Topic No. 24), Nabi documents detailing the PhosLo® manufacturing processes (Topic No. 31), and Nabi's agreement with Kemira/Verdugt (Topic No. 20). (*Id.* at 43-45, 50-51, 51-57, 64, 104-108.)

- Lewis Pollack (10/20/2006) – Vice President of Regulatory Affairs. (Pollack Dep. at 10:3-15 (attached as Ex. 2).) During his deposition, Dr. Pollack testified as to Nabi's attempts to seek regulatory approval related to PhosLo® (Topic No. 32) and Nabi's reasons for withdrawing the PhosLo® tablet (Topic No. 24). (*Id.* at 22-51, 72-76.)

- Charles DeLoach (11/17/2006) – Vice President of Sales. (DeLoach Dep. at 10:8 – 11:23 (attached as Ex. 3).) Mr. DeLoach testified repeatedly during his deposition regarding PhosLo® market share, sales, positioning and pricing (Topics No. 21-23, 26), as well as Nabi's reasons for withdrawing the PhosLo® tablet (Topic No. 24) and patient compliance (Topic No. 13). (*Id.* at 32-36, 42-52, 54-57, 63-65, 73-74, 84-86, 89-91, 98-102, 104-122, 179-182.)

- Henrik Rasmussen (12/12/2006) – Senior Vice President of Clinical, Medical and Regulatory Affairs. (Rasmussen Dep. at 13, 15 (attached as Ex. 4).) During his deposition, Roxane questioned Dr. Rasmussen on many topics including PhosLo® market share (Topics No. 22-23), PhosLo® pricing (Topic No. 26), and Nabi's communications with the FDA (Topic No. 32). (*Id.* at 20-21, 28-29, 31, 84-87, 98-99, 118-124, 136.)

---

[2] Nabi will file the deposition exhibits cited in this Memorandum on Monday, March 19, 2007 under seal, pursuant to the Agreed Protective Order, because they are marked either "Confidential" or "Highly Confidential." Nabi apologizes for any inconvenience this may cause.

Roxane, therefore, has already deposed Nabi's corporate officers regarding nine of the topics upon which Roxane seeks to compel testimony:

| Nabi Deponent | Topics Already Covered by Nabi Deponent |
|:---:|:---:|
| Raafat Fahim | Topics 20, 24 and 31 |
| Lewis Pollack | Topics 24 and 32 |
| Charles DeLoach | Topics 13, 21-24 and 26 |
| Henrik Rasmussen | Topics 22-23, 26 and 32 |

In addition, Roxane deposed Janice Smith, a Nabi employee who is not a corporate officer, regarding Topic No. 29, which Roxane also seeks in its Notice and Motion.  (Smith Dep. at 116-123 (attached as Ex. 5).)  Roxane has, therefore, obtained deposition testimony regarding 10 of the 18 topics that are the subject of its motion.

Furthermore, if Roxane had timely served the Notice, it could have covered most of the remaining topics at issue with these, or other Nabi witnesses who were also deposed, during their prior depositions.  Instead, Roxane's Notice likely will require repeat depositions of at least some of Nabi's designees.  Because the likely designees are busy professionals, scheduling their depositions will be difficult, which will likely result in modification of the Court's scheduling order.

Attempting to paint Nabi in a bad light, Roxane cites one example where Nabi insisted on deposing a Roxane witness (Julie Economou) in both her personal capacity and as a 30(b)(6) designee. (Motion at 9.)  Roxane's assertions, however, are  distinguishable from the present situation.  Unlike Roxane, Nabi served its notice to Roxane prior to scheduling Ms. Economou's personal deposition.  This allowed the parties to streamline the discovery process so that Nabi

5

could take Ms. Economou's personal and 30(b)(6) deposition on *consecutive days*, avoiding the need for the witness to have to set aside additional time for a second deposition and preparation months after the first deposition.

Accordingly, Roxane's delay in serving the Notice is completely unjustified and constitutes an unreasonable effort to harass Nabi and its witnesses.  For this reason alone, the Court should deny Roxane's Motion.

    **B.**  **Most of Roxane's Notice is Duplicative Because Roxane Has Already Received Deposition Testimony on Many Topics that Are Binding on Nabi.**

As discussed above, Roxane has obtained deposition testimony regarding at least 9 of the 18 topics that are the subject of its motion.  Nabi's corporate officers have testified regarding Topic Nos. 13, 20-24, 26, 31, and 32.  Any depositions pursuant to Roxane's Notice, therefore, should be limited to only those topics that Dr. Fahim, Dr. Pollack, Mr. DeLoach and Dr. Rasmussen did not testify about during their prior depositions.

Roxane's argument that personal and Rule 30(b)(6) depositions serve different purposes is inaccurate and does not justify the depositions it seeks.  As Roxane notes, Rule 30(b)(6) depositions and personal depositions can have different functions and may serve different purposes.  One of the major differences that Roxane notes is that "a fact deposition ordinarily may be used only for purposes of impeachment, *see* Fed. R. Civ. P. 32(a)(1), while the deposition off [sic] a corporate designee may be used by an adverse party 'for any purpose.'"  (Motion at 7.)  This argument ignores Rule 32(a)(2), which states that "[t]he deposition of a party or of *anyone who at the time of taking the deposition was an officer, director, or managing agent*, or a person designated under Rule 30(b)(6) . . . may be used by an adverse party for any purpose." (emphasis added).

6

Thus, the testimony of a corporate officer testifying outside of the Rule 30(b)(6) context serves essentially the same purpose as the testimony of a corporate designee under Rule 30(b)(6). Just as a corporate officer's testimony can be weighed and refuted, the same holds true for a 30(b)(6) deponent's testimony. *See Indus. Hard Chrome, Ltd. v. Hetran, Inc.*, 92 F. Supp. 2d 786, 791 (N.D. Ill. 2000) ("[Rule 30(b)(6)] testimony is not a judicial admission that ultimately decides an issue. The testimony given at a Rule 30(b)(6) deposition is evidence which, like any other deposition testimony, can be contradicted and used for impeachment purposes.").

Because Dr. Fahim, Dr. Pollack, Mr. DeLoach and Dr. Rasmussen were all officers of Nabi at the time of their depositions, Roxane will not be prejudiced by reliance on their personal depositions. As explained earlier, Dr. Fahim, Dr. Pollack, Mr. DeLoach and Dr. Rasmussen already testified in detail regarding at least Topic Nos. 13, 20-24, 26 and 31-32 of the Notice. While these Nabi witnesses provided this testimony in their personal capacity, their testimony essentially serves the same purpose as Rule 30(b)(6) testimony because they were officers of Nabi at the time of their depositions. Accordingly, at a minimum, the Court should deny Roxane's Motion testimony regarding Topic Nos. 13, 20-24, 26 and 31-32 of the Notice.

## III. CONCLUSION

For the foregoing reasons, the Court should deny Roxane's Motion to Compel Nabi to designate and produce a 30(b)(6) witness.

Respectfully submitted,

s/ Robert W. Trafford
Robert W. Trafford (0024447), Trial Attorney
Porter, Wright, Morris & Arthur, LLP
41 South High Street
Columbus, Ohio 43215
Telephone: (614) 227-2000
Facsimile: (614) 227-2100
Email: rtrafford@porterwright.com

**OF COUNSEL:**
James D. Curphey (0015832)
Bryan R. Faller (0072474)
Porter, Wright, Morris & Arthur, LLP
41 South High Street
Columbus, Ohio 43215
Telephone: (614) 227-2000
Facsimile:  (614) 227-2100
Email:  jcurphey@porterwright.com
             bfaller@porterwright.com
*Attorneys for Counterclaim Defendant Nabi Biopharmaceuticals*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 16, 2007, the undersigned filed the foregoing via the Court's ECF/CM system, which will send electronic notification of the filing to the following:

> James A. Wilson, Esq.
> Vorys, Sater, Seymour And Pease LLP
> 52 East Gay Street, P.O. Box 1008
> Columbus, Ohio 43216-1008
> *Attorney for the Defendant*

> s/ Bryan R. Faller
> Bryan R. Faller

COLUMBUS/1359177 v.01