```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Fresenius Medical Care
Holdings, Inc.,                  :

    Plaintiff,                :

  v.                               :      Case No. 2:05-cv-0889

Roxane Laboratories, Inc.,       :      JUDGE SARGUS

    Defendant.                :

<u>ORDER</u>

    This case is before the Court to consider another discovery-related motion.  On February 23, 2007, Roxane filed a motion to compel Nabi to produce a Rule 30(b)(6) witness.  Responsive and reply memoranda have been filed.  For the following reasons, the Court grants the motion.

    Only a brief background is necessary to explain this motion. After taking the depositions of a number of officers or employees of Nabi, Roxane issued a Rule 30(b)(6) deposition notice setting forth a number of topics about which it wished to depose Nabi. Although Nabi agreed to produce a witness as to a small number of these topics, it declined to do so with respect to others, asserting that the deposition would be duplicative of the prior depositions taken of individual Nabi representatives.  Nabi attached to its opposing memorandum excerpts from those depositions indicating that the subjects were explored at the depositions.  Nabi contends that it is unreasonably duplicative to require it to produce either the same witnesses or other witnesses on the same topics and to answer either the same questions with were posed at the prior deposition or additional questions which could have been asked but which Roxane simply

chose not to pose to the witnesses.  The parties appear to agree that the topics described in the Rule 30(b)(6) notice are relevant and that Roxane is not otherwise prohibited from deposing Nabi on these subjects.

Extended discussion of the case law cited by the parties is unnecessary.  The parties also appear to agree that a deposition of an individual officer, director, or employee of a corporate opponent does not preclude the taking of a Rule 30(b)(6) deposition of the corporation even if there is some overlap in the subject matters of the depositions.  In fact, as Roxane points out, Nabi has taken both an individual deposition and a 30(b)(6) deposition from the same Roxane witness in this case.  Nabi's only objection appears to be that it would have been a better use of the parties' resources to schedule the individual and Rule 30(b)(6) depositions at the same time and that because Roxane failed to do so, it should not now be permitted to conduct its discovery in a less efficient manner.

Nabi makes a valid practical point.  It would have been a much better use of the parties' time and resources to have coordinated the individual and Rule 30(b)(6) depositions so that the same witnesses could have been deposed either simultaneously or back-to-back and at an earlier time in the litigation.  However, there is, unfortunately, nothing in the Federal Rules of Civil Procedure which requires the parties to conduct their discovery in the most efficient way possible.  Roxane's request for a Rule 30(b)(6) deposition is within the rules and therefore ought to be honored unless there are countervailing circumstances which would preclude the discovery from occurring.

Certainly, the Court has the discretion to issue a protective order if the discovery being sought is unduly burdensome or harassing, if it is unreasonably cumulative or duplicative, or if the burden of the discovery outweighs its

likely benefit.  Fed.R.Civ.P. 26(b), (c).  It is sometimes difficult to draw the line between discovery that is somewhat burdensome or duplicative and that which is unreasonably so. Here, the lack of efficiency presented by the facts of this case is not a sufficiently strong countervailing influence to preclude the discovery altogether even though the process chosen by Roxane has the potential to be unnecessarily duplicative or burdensome. Nevertheless, a 30(b)(6) deposition of an opposing party is almost certain to occur in a case like this, and it would take fairly unusual circumstances for the Court to place significant limits on that deposition when the topics listed in the notice are clearly relevant.  Thus, the motion to compel will be granted.

However, the granting of the motion does not end the matter. First, other than permitting this deposition to occur, the Court will not modify the case schedule in any way based upon the timing of the notice and the filing of the motion to compel. Because the deposition notice was served within the discovery period, this discovery will be allowed even though it occurs in an otherwise untimely fashion, but the Court will not postpone any scheduled hearings or other dates based upon the taking of this 30(b)(6) deposition.  Second, the parties are encouraged to make an effort to stipulate that the answers given by the individual deponents are Nabi's answers as well.  There were some objections made at some of the individual depositions to the effect that the witness was not a 30(b)(6) witness and therefore could not speak for Nabi with respect to some of the questions posed.  If that difficulty can be overcome by a stipulation, the additional 30(b)(6) deposition should be substantially shortened. Finally, Nabi will still be entitled to object on grounds that the 30(b)(6) deposition, as actually conducted, is becoming unnecessarily duplicative.  Any significant issue concerning the

manner in which the deposition is being conducted should be brought to the Court's attention by way of a telephone call to the Magistrate Judge during the course of the deposition in order to avoid additional and potentially unnecessary motions practice on this issue.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge