IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Fresenius Medical Care
Holdings, Inc.,                    :

          Plaintiff,               :

     v.                            :     Case No. 2:05-cv-0889

Roxane Laboratories, Inc.,         :     JUDGE SARGUS

          Defendant.               :


ORDER

     On February 16, 2007, the Court issued an order regarding
defendant Roxane's motion to compel production of certain pre-
suit test reports.  Roxane subsequently moved for clarification
of the order.  For the following reasons, the motion will be
denied.

     Roxane does not actually argue that the order, which ruled
that the specific information sought by the discovery requests
which formed the basis for the motion to compel were protected by
the work product doctrine, is unclear.  In fact, the order both
clearly denies the motion to compel on grounds that what was
sought by the discovery requests at issue is work product, and
sets forth the general proposition that otherwise unprivileged
and relevant information cannot be withheld from discovery simply
by incorporating the information into a privileged or protected
document.  Rather, Roxane argues that, in other discovery
requests which were not the direct subject of the motion to
compel, it asked for the underlying test information in a
different way, and that the work product doctrine, as interpreted
by the Court, would not prevent plaintiffs from answering those
requests.

That argument is not the proper subject of a motion for clarification.  Rather, if Roxane believes that it has been denied discovery by plaintiffs for impermissible reasons, it must, after exhausting extrajudicial efforts to resolve any dispute, file a motion to compel answers to the precise discovery requests at issue.  It simply cannot present this kind of issue by asking the Court to clarify an order which is not unclear. Any lack of clarity is more likely attributable to the fact that the issue argued by Roxane in the motion to clarify was not (at least in the undersigned's view) presented as part of the original motion to compel, and therefore the Court did not need to address that issue in making its ruling.

For the foregoing reasons, Roxane's motion for clarification of the February 16, 2007 order (#117) is denied.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp
United States Magistrate Judge


2